# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7063 | **DATE** | 10/2/2012 |
| **CASE TITLE** | Jeremy Walker (R-67011) vs. Officer Monroe | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* ("IFP") [3], and assesses an initial filing fee of $1.50. The Court authorizes trust fund account officials at Plaintiff's place of confinement to deduct the initial partial filing fee from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Logan Correctional Center. Plaintiff's complaint is dismissed. The dismissal is without prejudice to Plaintiff raising his claim in state court; however, he cannot proceed with his claim in this Court. The dismissal counts as one of Plaintiff's three allotted dismissals pursuant to 28 U.S.C. § 1915(g). This case is closed.

■ [For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form

## STATEMENT

Plaintiff Jeremy Walker, an inmate confined at the Logan Correctional Center, filed this 42 U.S.C. § 1983 civil rights action against Cook County Jail Officer Monroe. Plaintiff contends that in February 2011, while he was confined at the Cook County Jail, he was attacked by another inmate housed in the same area of the jail, Division II, Dorm 2. That area of the jail was for inmates in wheelchairs and disabled inmates, which Plaintiff was not. The attack on Plaintiff was with a shank made from a piece of metal from a wheelchair. Plaintiff allegedly informed Sergeant Monroe that he should not be in that area because he was not disabled. Monroe responded that Plaintiff was being housed there because of overcrowding at the jail. Plaintiff alleges that being kept in that area of the jail, where weapons were more easily made, increased the risk of an attack.

Plaintiff's application to proceed IFP indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed IFP and assesses an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Trust fund officials at Plaintiff's place of confinement are authorized to collect, when funds are available, the initial partial filing fee from Plaintiff's trust fund account and forward it to the clerk of this Court. Thereafter, trust fund officials shall continue making monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Logan Correctional Center authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

**(CONTINUED)**

isk

## STATEMENT

 Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed. *See* 28 U.S.C. § 1915A (a district court must conduct an initial review of every complaint filed by a prisoner and dismiss the complaint if it fails to state a claim upon which the court can grant relief). Plaintiff seeks to allege a federal § 1983 claim of failure to protect against Sergeant Monroe. To state such a claim, a plaintiff must allege facts that demonstrate that (1) he faced a substantial risk of serious injury, and (2) the defendant acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). The defendant must have been aware that the inmate faced a specific threat of an attack, as opposed to only a general risk of violence. *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Brown*, 398 F.3d at 909. Plaintiff alleges only that he should not have been housed in the handicapped area of the jail and that weapons were more easily made in that area. His allegations may state a claim of negligence with jail officers not taking greater precautions in that area of the jail, but under even the most liberal construction, his allegations do not state a claim of deliberate indifference to support a federal § 1983 action in this Court.

 Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff raising his claims in state court; however, the dismissal is with prejudice to him proceeding with his claims here. Because the Plaintiff fails to state a claim upon which this Court can grant relief, the dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that, if he accumulates three strikes under §1915(g), he will not be able to pursue an action in federal court without prepaying the filing fee, unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g).

 If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must also submit an IFP application. A motion for leave to appeal IFP should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may accumulate another strike under 28 U.S.C. § 1915(g).